**Opinion issued June 23, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————————

## NO. 01-25-00048-CV

———————————————

**RACHEL WANG, Appellant**

**V.**

**TEST MASTERS EDUCATIONAL SERVICES, INC., Appellee**

---

**On Appeal from the 240th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 24-DCV-317300**

---

## MEMORANDUM OPINION

Test Masters Educational Services, Inc. sued Rachel Wang for libel per se based on her online review accusing the test preparation service provider of failing to honor a bonus program it used to incentivize its students to refer new students.

Rachel moved to dismiss Test Masters' suit under the Texas Citizens Participation Act (TCPA), and the trial court denied the motion.

In her sole issue, Rachel contends that the trial court erred in denying her motion.

We affirm.

## Background

Test Masters is a company that offers various academic test preparation services. It operates in Fort Bend County. It has a referral bonus program that gives a student who has completed one of its courses $25 for each new student referred to Test Masters. For every 20 new students referred in a calendar year, the referring student is entitled to an additional $1,000 bonus.

In 2012, Rachel's brother, Michael, enrolled in a course with Test Masters and began referring new students when he completed the course. He made a total of 26 referrals between 2013 and 2019. Rachel, who took a course in 2015, was one of those referrals. Michael and Test Masters became embroiled in a conflict over whether he had referred enough students within the calendar year to be entitled to the $1,000 bonus. Test Masters maintained he had not and refused to pay a bonus.

In 2020, Michael and Rachel's mother, Terri Wang, posted a Google online review for Test Masters stating that her children thought Test Masters' course "was helpful," but cautioned: "do NOT believe their promotion of receiving a $1000

check for 20 or more referrals! I referred MORE than 20 students over one year ago and have yet to receive a bonus check." Terri posted a similar review in the summer of 2021.

In April 2022, Terri filed suit against Test Masters in Fort Bend County justice court seeking $1,000.00 in damages. Test Masters established that Terri had never taken a class with Test Masters and thus was not qualified to receive a referral bonus. The justice court dismissed the lawsuit and ordered Terri to pay Test Masters' attorney's fees.

While the justice court case was pending, Rachel posted:

Owner is still being a shady coward and is being taken to small claims court – laughing at the situation because we have hard proof that we are due $1000 and the owner refuses to pay because we've written "bad reviews." Someone educate this guy that an honest review is not synonymous with a bad review.

In June 2023, after the justice court case's dismissal, Rachel posted a one-star Google review for Test Masters, stating:

Generic test prep that doesn't cater to each student's individual needs. I took this course when I was in high school and personally saw very little improvement, even though I did the homework. They refused to grant a $1000 referral reward to my family (who referred them 23 people). I am aggravated by their poor display of customer service and ethics. They have likely received thousands of dollars from our referrals, yet chose not to honor their referral program. Shame.

Test Masters sued Wang for her June 2023 online statement that Test Masters failed to honor its referral bonus program, asserting a claim of libel per se.

In her TCPA motion to dismiss, Wang argued that Test Masters' legal action concerned her exercise of free speech on a matter of public concern and that dismissal was required because her statement was nonactionable opinion or substantially true. She also contended that Test Masters was a public figure and could not prove actual malice with respect to her online Google review.

In response, Test Masters asserted that the TCPA did not apply to its legal action, it was not a public figure, and it had a prima facie case of libel.

Rachel replied, denying Test Masters' assertions. In particular, she maintained that Test Masters did not have a prima facie case because the calendar-year requirement of the referral bonus program appeared nowhere on Test Masters' website and Test Masters never informed her or her family of that requirement.

The trial court denied the motion and this appeal followed.

## Dismissal Under the TCPA

### A.    Applicable Law and Standard of Review

Trial courts use a multi-step analysis to review TCPA motions to dismiss. *McLane Champions, LLC v. Houston Baseball Partners LLC*, 671 S.W.3d 907, 914 (Tex. 2023); *HouReal Corp. v. Rescue Concepts Inc.*, 722 S.W.3d 145, 150 (Tex. App.—Houston [1st Dist.] 2025, no pet.). First, the movant must show by a preponderance of the evidence that the TCPA applies to the legal action against it— that is, the legal action is based on or is in response to the movant's exercise of a

right listed in the statute. *McLane Champions*, 671 S.W.3d at 914; *HouReal Corp.*, 722 S.W.3d at 151; TEX. CIV. PRAC. & REM. CODE §§ 27.003, .005(b).

If the movant satisfies its initial burden, the burden shifts to the nonmovant to show by clear and specific evidence a prima facie case for each essential element of his claims. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c). If the nonmovant does not satisfy this burden, the trial court must dismiss the suit. *See id.*; *McLane Champions*, 671 S.W.3d at 914. But even if the nonmovant satisfies this second step, the third step requires dismissal of the legal action "if the moving party establishes an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." TEX. CIV. PRAC. & REM. CODE § 27.005(d); *HouReal Corp.*, 722 S.W.3d at 151.

We apply a de novo standard to review a trial court's ruling on a TCPA motion to dismiss. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45–46 (Tex. 2021). Whether the TCPA applies to a legal action is a question of law we also review de novo. *See Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). In reviewing whether a legal action is subject to or should be dismissed under the TCPA, we consider the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and any competing affidavits stating the facts on which the liability or defense is based. TEX. CIV. PRAC. & REM. CODE § 27.006(a). We view

5

the pleadings and evidence in the light most favorable to the nonmovant. *Kassab v. Pohl*, 612 S.W.3d 571, 577 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).

**B.     Analysis**

**1.     The TCPA applies to Test Masters' legal action.**

The TCPA protects the communication of consumer opinions about business practices, like the online review posted by Rachel. TEX. CIV. PRAC. & REM. CODE § 27.010(b)(2). The TCPA applies to Test Masters' libel claim because it is "related to the communication, gathering, receiving, posting, or processing of consumer opinions or commentary, evaluations of consumer complaints, or reviews or ratings of businesses." *Id.*; *see Wheeler v. J.M. Martin Custom Homes, Inc.*, 728 S.W.3d 326, 330–31 (Tex. App.—Amarillo 2025, no pet.).

**2.     Test Masters Made a Prima Facie Case of Libel.**

A libel is a defamation expressed in written or other graphic form . . . ." TEX. CIV. PRAC. & REM. CODE § 73.001. A prima facie case for libel requires the plaintiff to show: (1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with actual malice, if the plaintiff was a public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement; and (4) damages, unless the statement constitutes defamation per se. *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017)); *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 727 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).

"Prima facie case" refers to "evidence that is legally sufficient to establish a claim as factually true if it is not countered." *S & S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). It consists of the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *In re Lipsky,* 460 S.W.3d 579, 590 (Tex. 2015). "Direct evidence of damages is not required, but the evidence must be sufficient to allow a rational inference that some damages naturally flowed from the defendant's conduct." *S & S Emergency Training Sols.*, 564 S.W.3d at 847; *ADB Interest, LLC v. Wallace*, 606 S.W.3d 413, 430 (Tex. App.—Houston [1st Dist.] 2020, pet. denied).

A nonmovant has prima facie evidence of a statement's falsity if its defamation claim is premised on a dispute about whether something occurred. *See Benson v. Guerrero*, 702 S.W.3d 775, 787 (Tex. App.—Houston [1st Dist.] 2024, no pet.). Here, the dispute involves whether Rachel's family was entitled to the $1000 referral bonus. In support of its response to Rachel's TCPA motion, Test Masters attached as Exhibit A-2 a document entitled "Testmasters Referral Program Rules," which provides that a former student would receive $25 for each newly referred student and would be entitled to a $1000 bonus for "every 20 students referred in a given calendar year (January through December)." Rachel casts doubt on the calendar-year requirement and suggests that Test Masters prepared the document solely for this lawsuit. But Test Masters' exhibits are accompanied by a

business records affidavit, and Rachel did not object to Exhibit A-2's authenticity or seek to have it excluded in the trial court. Thus, Rachel has waived her authentication objection to Exhibit A-2. *See* TEX. R. APP. P. 33.1(a); *Mock v. Nat'l Collegiate Student Loan Tr. 2007 4*, No. 01-17-00216-CV, 2018 WL 3352913, at *3 (Tex. App.—Houston [1st Dist.] July 10, 2018, no pet.) (mem. op.).

The truth of the published statement is a defense to a libel claim. TEX. CIV. PRAC. & REM. CODE § 73.005(a). Rachel asserts that Test Masters is a public figure which, if true, would place the burden on Test Masters to show Rachel's June 2023 Google review was false. *See Vice v. Kasprzak*, 318 S.W.3d 1, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). We need not address this assertion. First, Test Masters provided clear and specific evidence that it did not receive 20 referrals from Michael within a calendar year, meaning he was not entitled to a referral bonus under the terms of its Referral Program Rules. In addition to the Rules, Test Masters attached to its response its business records documenting Michael's referrals, showing the dates the referrals were received and the payouts that Test Masters made. This is clear and specific evidence showing the falsity of Rachel's statement that Test Masters did not honor its referral program with respect to her family. *See S & S Emergency Training Sols.*, 564 S.W.3d at 847. Second, the record contains circumstantial evidence that Rachel was not merely negligent in making her statement. *See WFAA-TV Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998)

8

("actual malice" means statement was made with knowledge it was false or with reckless disregard of whether it was false or not). Rachel did not participate in the referral bonus program herself, several years had passed between the date she took a course from Test Masters and her posting, and her mother had just had a lawsuit dismissed based on the same issue. Finally, Test Masters provided an affidavit from its owner identifying damages that it incurred fielding questions from the public in response to Rachel's June 2023 review.

We conclude that Test Masters satisfied its burden of establishing a prima facie case of libel. As a result, we hold that the trial court did not err in denying Rachel's TCPA motion to dismiss.

We overrule Rachel's sole issue.

## Conclusion

We affirm the trial court's order.

Clint Morgan
Justice

Panel consists of Justices Rivas-Molloy, Guiney, and Morgan.